UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, II, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. C-08-299 |
| ST. STEPHEN'S EPISCOPAL SCHOOL, *et al*, | § § | |
| Defendants. | § | |

## ORDER DENYING MOTIONS TO DISMISS

On this day came on to be considered the following: (1) the amended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants the Protestant Episcopal Church Council of the Diocese of Texas ("Episcopal Diocese of Texas") and the Right Reverend Don A. Wimberley (together, the "Episcopal Diocese Defendants") (D.E. 19)[1]; and (2) the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants St. Stephen's Episcopal School ("St. Stephen's) and Robert E. Kirkpatrick (together, the "St. Stephen's Defendants") (D.E. 18).[2]  For the reasons set forth below, the motions to dismiss of the Episcopal Diocese Defendants and the St. Stephen's Defendants are hereby DENIED.

### I.   Jurisdiction

Plaintiffs allege that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II.   Factual and Procedural Background

---

[1] The Episcopal Diocese Defendants filed their original Rule 12(b)(6) motion to dismiss on October 20, 2008 (D.E. 17).  They filed their amended Rule 12(b)(6) motion to dismiss on October 21, 2008, which is currently before the Court.  The Episcopal Diocese Defendants' amended Rule 12(b)(6) motion superseded their original motion (D.E. 17) and rendered it MOOT.  (See D.E. 18).

[2] The St. Stephen's Defendants' motion to dismiss does not contain any original arguments, but rather seeks to "adopt and incorporate" the motion to dismiss filed by the Episcopal Diocese Defendants.  (D.E. 18, p. 2).

Plaintiffs allege as follows in their Second Amended Complaint ("Amended Complaint"): Plaintiffs John Doe, John Doe II and John Doe III were boarding students at St. Stephen's in Austin, Texas, during the mid-to-late-1960s. (Amended Complaint, ¶ 13). John Doe began ninth grade at St. Stephen's in 1964, John Doe II began eighth grade at St. Stephen's in 1965, and John Doe III began tenth grade at St. Stephen's in 1967. (Id.). From 1958 to 1968, Defendant James Lydell Tucker, who was at that time an ordained Episcopal priest, served as a chaplain and a member of the faculty at St. Stephen's. (Id., ¶ 12). Defendant Tucker also served as a faculty adviser at the school. (Id., ¶ 15). Plaintiffs allege that Defendant Tucker was a "constant, frequent visitor to the boys' dormitories for open late-night group consultations and discussions", and that while visiting with students in their dormitory rooms in the dark, "Defendant Tucker molested, sexually abused and exploited" the three Plaintiffs on several occasions from 1964 to 1968. (Id.). Plaintiffs claim that the Episcopal Diocese of Texas, St. Stephen's, the headmasters of St. Stephen's and the authorities of the Episcopal church all knew or should have known of the molestation by Defendant Tucker. (Id., ¶¶ 17, 19-23).

Plaintiffs first filed suit against the St. Stephen's Defendants, the Episcopal Diocese Defendants, and Defendant Tucker on September 8, 2008 (Complaint, D.E. 1). Plaintiffs filed their First Amended Complaint on September 10, 2008 (D.E. 3), and they filed their Second Amended Complaint on October 16, 2008 (D.E. 16). Plaintiffs' Second Amended Complaint is the current operative pleading before the Court. In their Second Amended Complaint, Plaintiffs bring the following claims against the above-listed Defendants: civil conspiracy, negligence, fraud and fraudulent concealment, breach of fiduciary duty and negligent misrepresentation. Plaintiffs also bring a vicarious liability claim against St. Stephen's and the Episcopal Diocese of Texas, for the acts of Defendant Tucker. Further, Plaintiffs allege that the Defendants acted with

gross negligence and malice, and Plaintiffs accordingly seek exemplary damages of a specified amount.

Because the alleged abuse giving rise to Plaintiffs' claims occurred in the 1960s, Plaintiffs allege various theories to overcome potential issues regarding the statute of limitations. Specifically, Plaintiffs plead that applicable statutes of limitations should not operate to bar their claims against the Defendants, based on the theories of fraudulent concealment, the discovery rule, the legal doctrine of unsound mind, equitable estoppel preventing Defendants from asserting a statute of limitations defense, and delayed discovery of their claims. Plaintiffs also claim that acts in furtherance of the civil conspiracy were committed within two years of the filing of the lawsuit.[3]

On October 20, 2008, the Episcopal Diocese Defendants filed their initial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 17), and they filed their amended motion to dismiss on October 21, 2008 (D.E. 19). The Episcopal Diocese Defendants argue that all of Plaintiffs' claims are time-barred by the applicable statutes of limitations, and therefore Plaintiffs' claims should be dismissed as a matter of law. Specifically, the Episcopal Diocese Defendants argue that the limitations period for all of Plaintiffs' claims expired, at the latest, in the 1970s, and that Plaintiffs do not plead any effective theory that would toll the running of the statute of limitations. The Episcopal Diocese Defendants address each of the theories pled by Plaintiffs to toll the limitations period, and the Episcopal Diocese Defendants argue that each of these theories is not applicable in this case.

On October 20, 2008, the St. Stephen's Defendants filed their motion to dismiss pursuant to Rule 12(b)(6). (D.E. 18). The St. Stephen's Defendants also claim that Plaintiffs' claims are

---

[3] As set forth below in the "Applicable Law" section, the cause of action for conspiracy accrues as soon as the plaintiff knew or should have known of the overt acts involved in the alleged conspiracy." Shabazz v. Franklin, 1994 WL 243356, at *1 (5th Cir. May 19, 1994).

time-barred and should be dismissed as a matter of law. The St. Stephen's Defendants do not assert any original arguments in their motion, but rather incorporate the brief and arguments of the motion filed by the Episcopal Diocese Defendants. (D.E. 18, St. Stephen's Defendants' Motion, p. 2, stating that "Defendants St. Stephen's and Kirkpatrick are in agreement with the Diocese of Texas' Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support, and hereby adopt and incorporate that document by reference as if fully set forth here.").

For the reasons set forth below, the Episcopal Diocese Defendants and the St. Stephen's Defendants' motions to dismiss must be DENIED. As set forth below, taking Plaintiffs' allegations in their Amended Complaint as true and drawing all inferences in Plaintiffs' favor, Plaintiffs successfully plead that the legal doctrine of unsound mind tolled the running of the applicable statutes of limitations. Accordingly, the Episcopal Diocese Defendants and the St. Stephen's Defendants have not met their heavy burden to prevail on their Rule 12(b)(6) motions to dismiss.

### III. Discussion

#### A. Standard for Rule 12(b)(6) Motions to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier, 503 F.3d at 401 (citing Twombly, 127 S.Ct. at 1966 (internal citations and quotations

omitted)). In deciding a motion to dismiss "[w]e must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." Cent. Laborers' Pension Fund v. Integrated Elec. Servs., 497 F.3d 546, 550 (5th Cir. 2007) (citing Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). "Nevertheless, '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Id.

### B. Technical Expiration of Statute of Limitations

#### 1. Applicable Limitations Periods

As noted above, Plaintiffs bring claims against the St. Stephen's Defendants and the Episcopal Diocese Defendants for civil conspiracy, negligence, fraud and fraudulent concealment, breach of fiduciary duty, and negligent misrepresentation. Plaintiffs also bring a vicarious liability claim against St. Stephen's and the Episcopal Diocese of Texas, for the acts of Defendant Tucker.[4] The applicable limitations periods for these claims are set forth below.

The statute of limitations for Plaintiffs' civil conspiracy, negligence and negligent misrepresentation causes of action is two years from the date of accrual of the claim. See Tex. Civ. Prac. & Rem. Code § 16.003; Jackson v. W. Telemarketing Corp. Outbound, 245 F.3d 518, 523 (5th Cir. 2001); Geraghty & Miller, Inc. v. Conoco, Inc., 234 F.3d 917, 931 (5th Cir. 2000); Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 645 (5th Cir. 1999); Envtl. Procedures, Inc. v. Guidry, 2008 WL 1746087, at *9 (Tex. App.--Houston [14th Dist.] April 17, 2008). The statute of limitations for a breach of fiduciary duty cause of action is four years from the date of accrual of the claim, and the statute of limitations for fraud (and fraudulent concealment) is four years from the date that the plaintiff discovered or could have discovered the fraudulent act. See Tex.

---

[4] Plaintiffs also allege that the Defendants acted with gross negligence and malice, forming the basis for Plaintiffs' claims for exemplary damages.

Civ. Prac. & Rem. Code § 16.004(a)(5); Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 566 (5th Cir. 2001).  In Texas, "[a] cause of action generally accrues when an injury results from a wrongful act, regardless of when the plaintiff learns of his injury."  Pirtle v. Kahn, 177 S.W.3d 567, 571 (Tex. App.--Houston [1st Dist.] 2005).

With respect to Plaintiffs' vicarious liability claim against St. Stephen's and the Episcopal Diocese of Texas, Texas law provides that a personal injury claim must be brought within two years from the day the cause of action accrues.  See Tex. Civ. Prac. & Rem. Code § 16.003(a).  However, there is a special five-year statute of limitations for sexual abuse cases, per Texas Civil Practice & Remedies Code § 16.0045(a).  Per Section 16.0045(a), the statute of limitations for personal injury (and for vicarious liability based on that personal injury claim), in cases of sexual assault or continuous sexual abuse of a child, is five years from the date of accrual of the claim.  See Tex. Civ. Prac. & Rem. Code § 16.0045(a).

In sum, the limitations periods for Plaintiffs' various claims range from two to five years from the date of accrual of the claim, and Plaintiffs' claims accrued when the Plaintiffs first suffered legal injury from the Defendants' wrongful acts.  See Tex. Civ. Prac. & Rem. Code §§ 16.003; 16.004(a); 16.0045(a); Pirtle, 177 S.W.3d at 571.

## 2. Applicable Limitations Periods Would Have Expired, at the Latest, From 1977 to 1980

Plaintiffs claim that the alleged abuse by Defendant Tucker took place from 1964 to 1968, while Plaintiffs were boarding students at St. Stephen's.  (Amended Complaint, ¶ 15). Plaintiffs claim that Plaintiff John Doe began ninth grade in the 1964/1965 school year, Plaintiff John Doe II began eighth grade in the 1965/1966 school year, and Plaintiff John Doe III began tenth grade in the 1967/1968 school year.  (Id., ¶ 13).

Because Plaintiffs suffered "legal injury" when they were first allegedly abused by Defendant Tucker, the claims would have accrued when Plaintiffs first suffered the alleged abuse. See Seureau v. Exxonmobil Corp., 2008 WL 4584961, at *14 (Tex. App.--Houston [14th Dist.] Oct. 16, 2008) (citing Childs v. Haussecker, 974 S.W.2d 31, 41 n. 7 (Tex. 1998)) ("When the defendant's conduct produces a legal injury, however slight, the cause of action accrues and the statute of limitations begins to run."); see also S.V. v. R.V., 933 S.W.2d 1, 8 (Tex. 1996) (when a court applies the legal injury rule in an abuse case, the victim's claims "would each have accrued on the date the alleged incident of abuse occurred").

However, because Plaintiffs were minors at the time of the alleged abuse, the statute of limitations on Plaintiffs' claims would be tolled until Plaintiffs reached their eighteenth birthdays. See S.V., 933 S.W.2d at 8 ("In applying the statute of limitations, however, the years of [the plaintiff's] minority are not included."); see also Medina v. Lopez-Roman, 49 S.W.3d 393, 398 (Tex. App.—Austin 2000) (citing Kirkpatrick v. Hurst, 484 S.W.2d 587 (Tex. 1972)) ("the statute of limitations commences to run against a minor on the date [he attains majority] since he can institute suit at any moment of that day.").

Assuming, arguendo, that each Plaintiff was ten years old when the alleged abuse began (in 1964 for Plaintiff John Doe, 1965 for Plaintiff John Doe II, and 1967 for Plaintiff John Doe III)[5], Plaintiff John Doe would have turned 18 in 1972, Plaintiff John Doe II would have turned 18 in 1973, and Plaintiff John Doe III would have turned 18 in 1975. Accordingly, the statute of limitations for Plaintiff's claims would have been tolled until 1972 for Plaintiff John Doe, 1973 for Plaintiff John Doe II, and 1975 for Plaintiff John Doe III. See S.V., 933 S.W.2d at 8. As noted above, Plaintiffs' claims range from a two-year to a five-year limitations period.

---

[5] Plaintiffs were likely older than ten years old in 1964, 1965 and 1967, when the alleged abuse began, but Plaintiffs do not provide enough information to establish their exact ages during the relevant time period. Accordingly, the Court makes the generous assumption that all of the Plaintiffs were ten years old at the onset of the alleged abuse.

Accordingly, given the applicable limitations periods, with Plaintiffs suffering legal injury at the time of the abuse, Plaintiff John Doe's claims would all be untimely as of <u>1977</u>, Plaintiff John Doe II's claims would all be untimely as of <u>1978</u>, and Plaintiff John Doe III's claims would all be untimely as of <u>1980</u>. However, as set forth below, Plaintiffs do plead that the legal doctrine of unsound mind has tolled the applicable statutes of limitations, allowing Plaintiffs to bring their suit in September, 2008.

### C. **Plaintiffs Plead that the Legal Doctrine of Unsound Mind Tolls the Statute of Limitations on Plaintiffs' Claims**

In their Second Amended Complaint, Plaintiffs plead that from the time of the abuse "and through the present time", Plaintiffs have "suffered continuous psychological injuries" that have "been so chronic and severe as to constitute a disability that has caused Plaintiffs to be of unsound mind and unable to sue or act to assert the claims plead herein against The Episcopal Diocese of Texas and the Bishops and St. Stephen's School and the Headmasters." (Amended Complaint, ¶ 18). In sum, Plaintiffs plead that pursuant to the legal doctrine of unsound mind, the statute of limitations was tolled as to Plaintiffs' claims against the Defendants. (<u>Id.</u>, ¶ 65). As set forth below, taking Plaintiffs' allegations as true and drawing all inferences in Plaintiffs' favor, Plaintiffs do successfully plead tolling under the legal doctrine of unsound mind, and Defendants thus cannot prevail on their Rule 12(b)(6) motions to dismiss.

#### 1. **Legal Doctrine of Unsound Mind**

Per Texas Civil Practice and Remedies Code § 16.001(b), "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." Tex. Civ. Prac. & Rem. § 16.001(b). Section 16.001(a) defines a "legal disability" as being "of unsound mind" or being "younger than 18

years of age, regardless of whether the person is married." Id. at § 16.001(b); Chavez v. Davila, 143 S.W.3d 151, 154 (Tex. App.--San Antonio 2004) ("An unsound mind tolls the statute of limitations"); Goodman v. Life Ins. Co. of N. Am., 2000 WL 1901701, at *1 (5th Cir. Dec. 15, 2000) ("In Texas, when a person is of unsound mind at the time her cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed.").[6] Texas Civil Practice & Remedies Code § 16.001(d) states that "[a] disability that arises after a limitations period starts does not suspend the running of the period." Tex. Civ. Prac. & Rem. Code § 16.001(d) (emphasis added). Of note, Texas Civil Practice & Remedies Code § 16.001 does not define the term "unsound mind." Myers v. St. Stephen's United Methodist Church, 1998 WL 723887, at *3 (Tex. App.--Houston [1st Dist.] Oct. 8, 1998) ("'Unsound mind' is not defined in the Texas Civil Practice and Remedies Code.").

"The limitations period is tolled for persons of unsound mind for two reasons: (1) to protect persons without access to the courts and (2) to protect persons who are unable to participate in, control, or understand the progression and disposition of their lawsuit." Freeman v. Am. Motorists Ins. Co., 53 S.W.3d 710, 713 (Tex. App.--Houston [1st Dist.] 2001); see also Wagner v. Texas A & M Univ., 939 F. Supp. 1297, 1317 (S.D. Tex. 1996) (citing Ruiz v. Conoco, Inc., 868 S.W.2d 752, 755 (Tex. 1993)) (holding that the legal doctrine of unsound mind "protects those plaintiffs who lack access to the courts or are unable 'to participate in, control, or even understand the progression and disposition of their lawsuit.'"); Ramirez v. Mansour, 2007 WL 2187103, 6 (Tex. App.--San Antonio Aug. 1, 2007) (citing Chavez, 143 S.W.3d at 156) ("th[e Section 16.001] tolling provision exists to protect legally disabled persons 'who have no access to the courts and to insure those persons' right to bring suit is not precluded

---

[6] Of note, a "person may not tack one legal disability to another to extend a limitations period." Tex. Civ. Prac. & Rem. Code § 16.001(c).

by the running of limitations before the disability is removed.'"); Grace v. Colorito, 4 S.W.3d 765, 769 (Tex. App.--Austin 1999) ("the unsound-mind exception serves to protect people who are unable to participate in, control, or understand the progression and disposition of a lawsuit."); Porter v. Charter Med. Corp., 957 F.Supp. 1427, 1437 (N.D. Tex. 1997) ("The purpose of the 'unsound mind' tolling serves to protect persons without access to the courts and who are unable to participate in, control, or understand the progression and disposition of their lawsuit.").

A person of "unsound mind" is generally considered the equivalent of a person who is insane or incompetent. Chavez, 143 S.W.3d at 156 (citing Hargraves v. Armco Foods, Inc., 894 S.W.2d 546, 547 (Tex. App.--Austin 1995) ("Generally, a person of unsound mind is considered synonymous with an insane person."); Freeman, 53 S.W.3d at 713 (same). However, an individual need <u>not</u> be adjudicated insane or incompetent to warrant protection under the tolling provisions of Section 16.001. See, e.g., Freeman., 53 S.W.3d at 713 ("The term 'unsound mind' refers to a legal disability, although it is not limited to persons who are adjudicated incompetent."); Casu v. CBI Na-Con, Inc., 881 S.W.2d 32, 34 (Tex. App.--Houston [14th Dist.] 1994) (emphasis in original) ("In order for § 16.001 to toll the running of the statute, it is **not** required that the plaintiff be adjudicated incompetent."); Myers, 1998 WL 723887 at *3 ("It is not necessary that a plaintiff be adjudicated incompetent to toll the statute of limitations."); Wagner, 949 F.Supp. at 1317 ("An 'unsound mind' generally is considered equivalent to insanity or incompetency, though an individual need not be adjudicated insane or incompetent to warrant protection.").

The plaintiff has the burden to prove that he was of unsound mind during the relevant time period, and thus entitled to tolling under Section 16.001. See Eber v. Harris County Hosp. Dist., 130 F.Supp.2d 847, 871 (S.D. Tex. 2001) (citing Nelson v. Reddy, 898 F.Supp. 409, 410

(N.D. Tex. 1995)) ("Under Texas law, 'a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued.'"); Wagner, 939 F.Supp. at 1317-18 ("It is the plaintiff's burden to show that he is of unsound mind and to demonstrate when such period of disability ended, if it is not ongoing.").  To be entitled to tolling under the legal doctrine of unsound mind, the plaintiff must produce either:  (1) specific evidence that would enable the court to find that the plaintiff did not have the mental capacity to pursue litigation; or (2) a fact-based expert opinion to that effect.  See Freeman, 53 S.W.3d at 713 (internal citations and quotations omitted) ("To prevail on the unsound mind tolling theory, [the plaintiff] had to produce either (1) specific evidence that would enable the court to find that he did not have the mental capacity to pursue litigation or (2) a fact-based expert opinion to that effect); Chavez, 143 S.W.3d at 156 ("in order to avoid summary judgment on an unsound mind theory, the non-movant must produce specific evidence to show she did not have the mental capacity to pursue litigation for a definite time period, or produce a fact-based expert opinion to that effect"); Grace, 4 S.W.3d at 769 (same); Porter, 957 F. Supp. 1427, 1438 (N.D. Tex. 1997) ("[f]or [plaintiff] to prevail on his unsound mind tolling theory, he would have to adduce at least either evidence of specific facts that would enable the court to find that when he became 18 years of age he did not have the mental capacity to pursue litigation or a fact-based expert opinion to that effect."); Chavez v. Medtronic, Inc., 2004 WL 309303, at *4 (Tex. App.--El Paso Feb. 19, 2004) ("To prevent summary judgment on an unsound-mind theory, the non-movant must produce specific evidence that would enable the trial court to conclude that he or she did not have the mental capacity to pursue litigation for a definite period of time, or must produce a fact-based expert opinion to testify to that effect").

## 2. Plaintiffs' Second Amended Complaint Pleads Tolling Per the Legal Doctrine of Unsound Mind

As noted above, in their Second Amended Complaint, Plaintiffs plead tolling of the statute of limitations pursuant to the legal doctrine of unsound mind. Specifically, Plaintiffs "plead the legal disability of unsound mind due to Plaintiffs' continuous psychological and psychiatric injuries from the time of the incidents in question until this lawsuit that have rendered Plaintiffs unable to sue or act against Defendants, thus tolling the statute of limitations pursuant to Article 16.001 of the Texas Civil Practice & Remedies Code." (Amended Complaint, ¶ 65). Plaintiffs state as follows in their Amended Complaint, with respect to the legal disability of unsound mind:

> As a direct result of the sexual abuse and exploitation by Defendant Tucker and the events plead herein [the Second Amended Complaint,] where were carried out by the Defendants both prior to and following the abuse and exploitation, John Doe, John Doe II and John Doe III have suffered continuous psychological injuries from the time of the abuse through the present time. Doe, Doe II and Doe III's continuous psychological injuries have been so chronic and severe as to constitute *a disability that has caused Plaintiffs to be of unsound mind and unable to sue or act to assert the claims plead herein* against the Episcopal Diocese of Texas and The Bishops and St. Stephen's School and the Headmasters.
>
> The delay in treatment proximately caused additional emotional and psychological injuries to John Doe, John Doe II and John Doe III and their emotional and psychological injuries have become chronic due to the fact that neither Doe, Doe II or Doe III received prompt and proper ongoing treatment and therapy for the sexual abuse and exploitation by Tucker. From the time of the abuse and exploitation and through the present time, Plaintiffs have continuously digressed, emotionally and behaviorally, suffered emotional trauma, anguish, loss of respect for authority, loss of earnings and earning capacity, and commenced upon a self-destructive course of conduct, all of which was a foreseeable result of Plaintiffs' continuous, chronic psychological disability and the sexual abuse and exploitation by Tucker and the actions of the Episcopal Diocese of Texas and the Bishops and St. Stephen's School and the Headmasters plead therein.

(Id., ¶¶ 18-19) (emphasis added).

Based on the above, Plaintiffs do sufficiently plead tolling of the applicable statute of limitations pursuant to Section 16.001, the legal doctrine of unsound mind. Specifically, Plaintiffs plead that they were under the "legal disability" of "unsound mind", "from the time of the abuse and through the present time", and that Plaintiffs were therefore "unable to sue or act to assert the claims plead" in their Second Amended Complaint. (Id., ¶ 18).[7] Plaintiffs thus plead the necessary elements of Section 16.001 tolling: that Plaintiffs were under a legal disability of unsound mind, that the legal disability began at the time of the abuse (at the time of accrual of the claim, prior to the time the statute of limitations began to run), and that the legal disability rendered Plaintiffs "unable to sue" or take other action to pursue their claims against the Defendants. See Tex. Civ. Prac. & Rem. Code § 16.001 (stating that a legal disability of unsound mind or status as a person under the age of 18 tolls the statute of limitations during the pendency of the disability); Grace, 4 S.W.3d at 769 (stating that the purpose of the "unsound-mind exception" is to "protect people who are unable to participate in, control, or understand the progression and disposition of a lawsuit."); see also Amended Complaint, ¶¶ 18, 19, 65 (stating that Plaintiffs' psychological and psychiatric injuries from the time of abuse to the time of filing caused the Plaintiffs to be of "unsound mind" and "unable to sue or act against the Defendants").

Thus, at the motion to dismiss stage, taking Plaintiffs' allegations as true and drawing all inferences in Plaintiffs' favor, Plaintiffs do plead that the applicable statutes of limitations should be tolled pursuant to Texas Civil Practice & Remedies Code § 16.001, the legal doctrine of unsound mind. Defendants brought the statute of limitations issue before the Court in the

---

[7] As noted above, Plaintiffs provide details regarding their claim that they were disabled pursuant to an unsound mind. Specifically, Plaintiffs claim that they suffered "chronic and severe" psychological injuries resulting from the abuse by Defendant Tucker, that they did not receive prompt and proper treatment for their injuries, and that Plaintiffs suffered numerous problems as a result of the abuse they suffered, including emotional trauma, anguish, and loss of respect for authority. (Amended Complaint, ¶ 19). In sum, Plaintiffs claim that the abuse by Defendant Tucker caused Plaintiffs to suffer from the disability of an "unsound mind." (Id., ¶¶ 18, 19).

procedural posture of a Rule 12(b)(6) motion to dismiss, not as a motion for summary judgment. Pursuant to Rule 12(b)(6), Plaintiffs do plead tolling pursuant to the legal doctrine of unsound mind, and Plaintiffs' claims thus cannot be dismissed as untimely as this stage in the lawsuit.

### IV.     Conclusion

For the reasons set forth above, the Court hereby DENIES the Rule 12(b)(6) motions to dismiss filed by the Episcopal Diocese Defendants and the St. Stephen's Defendants, seeking to dismiss Plaintiffs' Second Amended Complaint as untimely (D.E. 18, the St. Stephen's Defendants' Motion to Dismiss; D.E. 19, the Episcopal Diocese Defendants' Amended Motion to Dismiss).

SIGNED and ORDERED this 4th day of November, 2008.

_____
Janis Graham Jack
United States District Judge