IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, JOHN DOE II, and | § | |
| JOHN DOE III | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:08-cv-00299 |
| | § | |
| | § | |
| ST. STEPHEN'S EPISCOPAL SCHOOL, et al. | § | |

**PLAINTIFFS' MOTION TO EXCLUDE OPINION
TESTIMONY OF DEFENDANTS' EXPERT BARBARA LONG, MD.**

TO THE HONORABLE U.S. DISTRICT JUDGE JANIS GRAHAM JACK:

COME NOW, **JOHN DOE, JOHN DOE II and JOHN DOE III**, Plaintiffs in the above-styled and numbered cause, and file this motion to exclude the testimony of Barbara Long, MD. ("Dr. Long") pursuant to Rules 702 and 703 of the Federal Rules of Evidence and would show the Court as follows.

**Factual Background**

The defense hired Dr. Barbara Long, a psychiatrist practicing in Georgia, as their retained expert. In late July, Dr. Long came to Houston, Texas and administered four psychological tests to each of the Plaintiffs: the MMPI-2, MCMI-III and Rorschach structured Interview of Reported Symptoms, as well as Sentence Completion. Dr. Long also interviewed each Plaintiff. Dr. Long produced reports for each Plaintiff based in part on the testing and her "scoring" of each test.[1]

---

[1] See Dr. Long's reports and tests tendered to Plaintiffs' counsel attached hereto as Exhibits "A", "B" and "C".

## Legal Authority

District courts enjoy wide latitude in determining the admissibility of expert opinion testimony and "that decision will not be disturbed on appeal unless it is manifestly erroneous." *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988 (5th Cir. 1997); *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995). Federal Rule of Evidence 702 and the Supreme Court's ruling in *Daubert*, guide the court's determination of the admissibility of expert opinion testimony. In *Daubert,* the Supreme Court set forth a two step analysis for expert testimony:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlining the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

509 U.S. at 592-593.

In simple terms, Fifth Circuit courts are charged with the responsibility of analyzing whether the expert testimony is both reliable and relevant to the facts of the case. *Id.; Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *Burleson v. Texas Dept. of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004). The burden of proof is on the party proffering the witness and admissibility must be shown by preponderance of the evidence. *Bennett v. PRC Public Sector, Inc.*, 931 F. Supp. 484, 490 (S.D. Tex. 1996).

The district court's responsibility is "to make certain that an expert, whether he bases testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*

*v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1179, 143 L. Ed. 2d 238 (1999).

Before the trial doors open, *Daubert* requires the trial judge to test the soundness of the general scientific principles or reasoning on which the expert relies and the propriety of the methodology applying those principles to the specific facts of the case. *Daubert,* 509 U.S. at 593-95; *Watkins,* 121 F.3d at 984.

### Dr. Long Is Not Qualified As a Psychologist in Texas

Dr. Barbara Long, has not provided evidence of her licenses, if any, to perform psychological testing within the state of Texas. Dr. Long, according to her resume, is presently licensed in the states of Georgia, California and Florida with no mention of Texas.[2] Dr. Long's resume indicates she has no experience in treating or evaluating child victims of sexual abuse outside her assessments related to her legal consulting.

The Texas State Board of Examiners of Psychologists has set for standards for the various licenses for Texas psychologists in Title 22 of the Texas Administrative Code, specifically, Part 21: Examining Boards of Psychologists, §463.1. Rule §463.27 of the same sub-part, further sets out whereby a "Temporary License for Persons Licensed in Other States" can make application to the Texas Board for temporary licensure. Neither Dr. Long nor defense counsel has shown evidence of any such temporary licensure.

Further, under Title 22, part 21, Rule §463.12, reciprocity is available to applicants who seek Texas licensure having been actively licensed and good standing in another jurisdiction for five years preceding filing the application in Texas. No such showing of Dr. Long applying for Texas licensure via the reciprocity avenue has been made. Nor do the present rules show any of the states in which

---

[2] See Resume attached hereto as Exhibit "D".

she practices receiving reciprocity from Texas.  Nor has Dr. Long provided evidence that she has

obtained a provisional Texas license under Rule §463.13 "Requirements for Licensed Out-of-State

Applicants."  Consequently, any practicing of psychological including the testing Dr. Long has done

in Texas related to the John Doe Plaintiffs in this matter is invalid and unauthorized by the Texas

State Board of Psychologists and therefore, her testimony should be excluded.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Court

exclude the expert testimony of Barbara Long, MD. and for such other and further relief to which

they may show themselves to be justly entitled.

Respectfully submitted,

**SMITH PEAVY, L.L.C.**

By:   /S/ Felecia Y. Peavy
    Felecia Y. Peavy, Attorney-in-Charge
    Federal ID No. 13530
    Texas Bar No. 15698820
    808 Travis, Suite 1420
    Houston, Texas 77002
    (713) 227-7100
    (713) 236-8547 (FAX)

**LAW OFFICE OF TAHIRA KHAN MERRITT**

By:   /S/ Tahira Khan Merritt
    Tahira Khan Merritt
    Federal ID No. 17525
    Texas Bar No. 11375550
    8499 Greenville Ave., Suite 206
    Dallas, TX 75231-2424
    (214) 503-7300
    (214) 503-7301 (FAX)

**ATTORNEYS FOR PLAINTIFFS**

4

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 31, 2009, I confer via electronic correspondence with counsel for the Defendants in the above-styled and numbered cause and counsel indicated that the Defendant parties were opposed to Plaintiffs' motion.

/S/ Felecia Y. Peavy
Felecia Y. Peavy


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically with the United States District Court for the Southern District of Texas, Corpus Christi Division, with notice of the case activity to be generated and sent electronically by the Clerk of Court with ECF notice being sent to the following counsel of record or otherwise, pursuant to the Federal Rules of Civil Procedure by certified mail, return receipt requested on this the 31st day of August, 2009:

Shadow Sloan
1001 Fannin Street, Ste. 2500
Houston, Texas 77002

Darrell Barger
Shoreline Blvd, Ste. 2000, North Tower
Corpus Christi, Texas 77840

James Chrisman Phillips
816 Congress, Ste. 1900
Austin, Texas 78701

/S/ Felecia Y. Peavy
Felecia Y. Peavy